IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FABIAN ALEXANDER COOK, | : | |
|     Petitioner | : | |
| | : | No. 1:24-cv-00598 |
| v. | : | |
| | : | (Judge Rambo) |
| BOBBI JO SALAMON, *et al.*, | : | |
| | : | |
|     Respondents | : | |

<u>**MEMORANDUM**</u>

Presently before the court is *pro se* Petitioner Fabian Alexander Cook ("Cook")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his application for parole by officials of the Commonwealth of Pennsylvania. For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**I.      BACKGROUND**

Cook is currently incarcerated in Rockville State Correctional Institution ("SCI-Rockville"). He filed the instant petition on April 1, 2024, and the court received and docketed the petition on April 9, 2024. (Doc. No. 1.) Cook asserts five claims for habeas corpus relief: (1) that Cook's due process rights were violated when he was denied parole for arbitrary reasons; (2) that he has been denied parole in retaliation for his filing of earlier civil actions, which violates his rights under the First Amendment; (3) that the denial of Cook's parole constitutes

cruel and unusual punishment under the Eighth Amendment because officials denied him parole based on the facts of his underlying criminal conviction; (4) that the parole board lacks jurisdiction over him because his underlying criminal sentence is unlawful; and (5) that the denial of parole violates his right to be free from slavery under the Thirteenth Amendment.

## II.   LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.

## III.   DISCUSSION

Habeas corpus petitions challenging the denial of state parole are properly treated as filed pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.  *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  Before seeking habeas corpus relief pursuant to Section 2254, a state prisoner must exhaust remedies in state court.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 842.  To be deemed exhausted, a federal habeas corpus claim must be "fairly presented" in state court, meaning

that the petitioner must present the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (internal citations and quotation marks omitted). The petitioner must present the claims in state court in accordance with state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Section 2254 requires "total exhaustion" of state court remedies, meaning that all claims asserted in a federal habeas corpus petition must be exhausted in state court. *Rhines v. Weber*, 544 U.S. 269, 274 (3d Cir. 2005). Thus, when a federal court is presented with a "mixed" petition—that is, a petition that presents both exhausted and unexhausted claims—the federal court should ordinarily dismiss the petition without prejudice for failure to exhaust state court remedies. *Id.* at 274, 277. In "limited circumstances," a district court may stay a federal petition and hold it in abeyance pending the petitioner's attempts to exhaust state court remedies. *Id.* at 277. Stay and abeyance of the federal petition is only appropriate "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The court will dismiss this petition without prejudice for failure to exhaust state court remedies. The petition contains at least one unexhausted claim, as Cook

acknowledges that his claim challenging the legality of his underlying criminal sentence is currently being litigated in a petition filed under Pennsylvania's Post-Conviction Relief Act ("PCRA") in the Berks County Court of Common Pleas. (*See* Doc. No. 1 at 32.)  Cook has not moved to stay litigation of his federal habeas corpus petition pending his attempt to exhaust state court remedies on this claim, nor has he shown good cause for his failure to previously exhaust the claim.  *See Rhines*, 544 U.S. at 278 (holding that petitioner must show good cause for failure to exhaust state court remedies for federal court to stay habeas corpus petition). Accordingly, the court finds that dismissal of this mixed petition without prejudice for failure to exhaust state court remedies is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Cook's petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state court remedies.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 16, 2024